## Banks and Trust Companies as Sureties.

*Banks and banking — Trust companies — Suretyship — Sureties on contractors' bonds—Acts of April 29, 1874, May 9, 1889, May 9, 1923, and May 16, 1923.*

1. Trust companies incorporated under the Act of April 29, 1874, P. L. 73, and having the powers and privileges conferred by the Acts of May 9, 1889, P. L. 159, and May 9, 1923, P. L. 173, and banks have no power to become sureties on the bonds of contractors for the faithful performance of a contract.

2. Such trust companies and banks may not become sureties on bonds, except as provided in section 2 of the Act of May 16, 1923, P. L. 248.

Department of Justice.   Opinion to Hon. Peter G. Cameron, Secretary of Banking.

Banks and Trust Companies as Sureties.

BROWN, Dep. Att'y-Gen., Sept. 26, 1924.—Your inquiry, "Have banks or trust companies the right to become surety on the bonds of contractors for the faithful performance of any contracts entered into by said contractors," has been received. I understand your inquiry to include trust companies created under the provisions of the General Corporation Act of 1874 and deriving their powers and privileges under the Act of May 9, 1889, P. L. 159, and other supplemental acts.

Prior to 1923, the powers, privileges and duties of modern trust companies were well defined.

In De Haven v. Pratt, 223 Pa. 633, the Supreme Court, speaking through Mr. Justice Elkin, said: "A brief review of the legislation relating to the incorporation of title insurance companies on which have been engrafted the modern trust companies will conclusively show that the legislature never intended that they should possess banking and discounting privileges. The incorporation of title insurance companies was first authorized in paragraph 29, section 19, of the Act of 1874. Their powers were limited to the making of contracts or policies of insurance pertaining to or connected with titles to real estate. In 1881 an act was passed enlarging their powers and giving them the right to receive and hold on deposit and in trust and as security real and personal property, including the notes, bonds, obligations of states, individuals, companies and corporations, with the power to purchase, collect, adjust and settle, sell and dispose of the same. It was expressly provided in said act that nothing therein contained shall authorize such companies to engage in the business of banking. The Act of 1889, also supplementary, added some additional powers, as, for instance, that such companies could act as assignees, receivers, guardians, executors and administrators. This act also denied such companies the right to engage in the business of banking. The Act of 1895 amended the 4th section of the Act of 1889 by adding the additional power 'to receive deposits of moneys and other personal property, and issue their obligations therefor, to invest their funds in and to purchase real and personal securities, and to loan money on real and personal securities.'"

Thus stood the law until 1923. By the Act of May 9, 1923, P. L. 173, it is provided: "That every trust company and bank organized and incorporated under the laws of the Commonwealth of Pennsylvania is hereby authorized and empowered to discount, buy, sell, negotiate and assign promissory notes, drafts, bills of exchange, trade and bank acceptances, bonds and other evidences of debt, and to receive and retain in advance interest on loans and discounts made."

By the Act of May 29, 1895, P. L. 127, trust companies are given the power "to receive deposits of money and other personal property;" and by the Act of May 9, 1923, P. L. 173, the authority and power "to discount, buy, sell, negotiate and assign promissory notes, drafts, bills of exchange, trade and bank acceptances, bonds and other evidences of debt."

That trust companies incorporated under the Act of 1874 and its supplements are intended to be covered by the Act of 1923 is shown by the title of the act, "Extending and enlarging the powers and rights of trust companies and banks organized and incorporated under the laws of the Commonwealth of Pennsylvania."

In the days of special legislation the legislature created some trust companies and authorized them to do a general banking business. This included the right to discount, and companies so created and empowered need no extending and enlarging of their powers.

The power to discount having been conferred on trust companies, it must be determined if they are banks and doing a banking business. "The distinguishing characteristic of a banking business as banking is conducted now is discounting and negotiating promissory notes, bills and negotiable paper:" Anderson's Executrix v. Pennsylvania R. R. Co., 27 Pa. C. C. Reps. 76.

The business of banking as defined by law and custom consists in the issue of notes payable on demand, intended to circulate as money when the banks are banks of issue; in receiving deposits payable on demand; in discounting commercial paper, making loans of money on collateral security: Mercantile Bank v. New York, 121 U. S. 138.

In Oulton v. German Savings Society, 17 Wallace (U. S.), 109, 118, it was held that banks are of three kinds: 1, of deposit; 2, of demand; 3, of circulation. They generally perform all these operations, but an institution performing but one is a bank.

The trust companies in our State incorporated under the Act of 1874 receive deposits, now, under the Act of 1923, discount commercial paper, and are banks as defined by the Act of May 16, 1923.

Have banks and trust companies the right to become security on the bonds of contractors?

The Act of May 16, 1923, P. L. 248, deals with the subject of banks and trust companies becoming surety on bonds, and is an act "limiting the power of State banks, banking companies, trust companies, savings banks and unincorporated banks to become surety on bonds."

The act is brief and the provisions that are material to the question now being considered are as follows:

"Section 1. Be it enacted, &c., That the word 'bank,' as used in this act, means any State bank, incorporated banking company, trust company, savings bank, or unincorporated bank, heretofore or hereafter organized.

"Section 2. No bank shall become surety on any bonds, except that any bank which has qualified itself under the laws of the Commonwealth to engage in a fiduciary business may become sole surety in any case where, by law, one or more sureties are or may be required for the faithful performance of the duties of any assignee, receiver, guardian, committee, executor, administrator, trustee or other fiduciary, and may also become sole surety on any writ of error or appeal, or in any proceeding instituted in any court of this Commonwealth in which security is or may be required. . . .

"Section 3. Any bonds executed and delivered in violation of the provisions of this act shall be null and void.

"Section 4. All acts and parts of acts inconsistent with this act are hereby repealed."

By the express terms of this act, any State bank, incorporated banking company, trust company, savings bank or unincorporated bank is forbidden to become surety on any bonds, "except that any bank which has qualified itself under the laws of this Commonwealth to engage in a fiduciary business" may become sole surety for certain fiduciaries.

The purpose of the act is to limit and restrict the power of banks to become surety, and it is clear that any institution embraced in the definition of "bank" in section 1 of the act may not become surety on general bonds and is limited to those enumerated in section 2.

Trust companies incorporated under the Act of 1874 and its supplements are very numerous, and do a large part of the banking business of the Commonwealth. They are the trust companies which were in the legislative mind when the Act of May 9, 1923, enlarging and extending the powers and rights

of trust companies, was passed. They are the only trust companies which needed the powers and rights conferred. Having the powers conferred by the Act of May 9, 1923, such trust companies were again in the legislative mind when the Act of May 16, 1923, limiting the power of banks and trust companies to become surety on bonds, was passed. "It is to be taken as a fundamental principle, standing, as it were, at the threshold of the whole subject of interpretation, that the intention of the legislature is invariably to be accepted and carried into effect:" Endlich on the Interpretation of Statutes, § 72.

Being, therefore, of the opinion that the Act of May 16, 1923, P. L. 248, includes trust companies created under the Act of 1874 and its supplements in its limitations and restrictions, I advise you that trust companies, including the above named, and banks may not become surety on bonds, except as provided in section 2 of said Act of May 16, 1923.

From C. P. Addams, Harrisburg, Pa.